SAMUEL E. BAILEY, APPELLEE, v. DAISY M. L. RANDALL ET AL., APPELLANTS.

FILED DECEMBER 24, 1927. No. 25869.

*George 1. Craven* and *W. M. Elmen,* for appellants.

*Patrick O'Connor, contra.*

Heard before GOSS, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

EBERLY, J.

This is a habeas corpus proceeding brought by Samuel E. Bailey against Daisy M. L. Randall, Oscar Randall, and Ilma Ada Agur, to secure and settle the custody and control of a minor, Gretchen Rae Bailey. Of this child the plaintiff is the father, and to it the defendants sustained the relation of uncle and aunt. The question presented by the record is essentially a question of fact.

The evidence, without serious conflict, establishes the following: Edna C. Bailey, the wife of the plaintiff, taking

her daughter with her, departed from his home in the latter part of 1922, and thereafter lived apart from him. In 1923, it seems, a reconciliation was sought between these parties. Nothing came of it, and in May, 1925, a divorce action was instituted by the wife in the district court for Lancaster county, Nebraska, which, so far as revealed by the record before us, never was completed or determined. After leaving in 1922, Mrs. Edna C. Bailey and her daughter, the latter under the mother's control and in her custody, lived apart from the plaintiff until 1926. In March of that year Edna C. Bailey was adjudged insane and committed to the hospital for the insane, and since that date has been continuously confined in that institution.

It therefore appears that, at the time of the commencement of this proceeding, the mother was wholly incompetent to exercise control or retain custody of Gretchen Rae Bailey, her nine-year-old daughter. It must also be conceded that, during the time that intervened after the mother left the domicile of the plaintiff herein, plaintiff made no attempt to deprive the mother of the custody or control of his daughter.

It must be admitted, however, that, from the record before us, the inference might be drawn that the whereabouts of the child was, in a measure, kept from her father. But it shows beyond dispute, as soon as the father learned of the incompetency of the mother he, at once, became active in attempting to locate and secure the possession of his daughter.

When we leave these admitted facts and seek to determine the character of the father and petitioner; what duties to the wife and child during the separation he was culpable in not performing in view of the situation that obtained; the extent to which he contributed to the support of his wife and child; the character of the home now furnished by the father for his child and the nature of the influences surrounding the same; in short, what the best interests of this child demand, under the existing circum-

stances, we find ourselves confronted by a record of oral evidence, conflicting in its nature, which was submitted to the district court on the trial before that tribunal.

The trial judge saw these witnesses, heard their testimony, observed their demeanor. It must be admitted that his opportunities for correctly determining the disputed questions of fact were far superior to those who must be, in their investigations, confined to the printed page.

No question of law is here involved. And after a careful reading of the record, and due consideration of the evidence, arguments and briefs of the parties, we are unable to say that the district judge has not, in finding for the petitioner, given due consideration of the interest of the child. And taking the evidence as to the excellent character of the defendants as true, and according due consideration to their praiseworthy conduct in the case before us, still we are unable to say that the order finally entered does not promote the best interests of the subject of this litigation. We must concede that the determination as made by the trial judge of the issues of fact before him finds due support in the record before us.

It must be conceded that the unquestioned rule applicable to this case is that, while, in controversies for the custody of an infant of tender years, the court will consider the best interests of the child, and will make such order for its custody as will be for its welfare without reference to the wishes of the parties, yet the sole surviving parent has a right by nature and by law to the custody of his child, which right should never be denied unless substantial reasons for such denial affirmatively appear.

It follows, therefore, that the judgment of the district court must be deemed by us to be right, and the same is

AFFIRMED.